# UNITED STATES DISTRICT COURT
для the
Central District of California

| | |
|---|---|
| In the Matter of the Search of<br>*The USPS Priority Mail parcel bearing tracking number "9405 5118 9956 0936 5855 89"* | )<br>)<br>) Case No. 2:25-MJ-01586<br>)<br>)<br>)<br>) |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

*See Attachment A*

located in the Central District of California, there is now concealed *(identify the person or describe the property to be seized)*:

*See Attachment B*

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;

☒ contraband, fruits of crime, or other items illegally possessed;

☒ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| | |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute and distribution of controlled substances |
| 21 U.S.C. § 843(b) | Unlawful use of a communication facility to facilitate the distribution of controlled substances |

The application is based on these facts:

*See attached Affidavit*

☒ Continued on the attached sheet.

☐ Delayed notice of _____ days (*give exact ending date if more than 30 days*: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Joseph Weidenkopf
*Applicant's signature*

U.S. Postal Inspector, Joseph Weidenkopf
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: _____

_____
*Judge's signature*

City and state: Los Angeles, CA

Hon. Stephanie S. Christensen
*Printed name and title*

AUSA: Max A. Shapiro  x7419

**ATTACHMENT A**

PARCEL TO BE SEARCHED

The **SUBJECT PARCEL** is a USPS Priority Mail parcel bearing tracking number 9405 5118 9956 0936 5855 89.  The **SUBJECT PARCEL** is a brown-colored cardboard box, weighing approximately 22 pounds.  The **SUBJECT PARCEL** is addressed to "DIANA SCHOOLER 8950 Cadiz Ct DAYTON OH 45424."  The sender address listed on the **SUBJECT PARCEL** is "Postal Bee Postal Bee 10907 Magnolia Blvd NORTH HOLLYWOOD CA 91601."  The **SUBJECT PARCEL**'s mailing label was created on March 5, 2025.

## **ATTACHMENT B**

<u>ITEMS TO BE SEIZED</u>

The following items are to be seized from the parcel described in Attachment A, which constitute evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1) (distribution and possession with intent to distribute a controlled substance) and 843(b) (unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance):

    a.   Any controlled substances;

    b.   Currency, money orders, bank checks, or similar monetary instruments in aggregate quantities over $1,000; and

    c.   Parcel wrappings, and any associated packaging material.

**AFFIDAVIT**

I, Joseph Weidenkopf, being duly sworn, declare and state as follows:

## I.  PURPOSE OF AFFIDAVIT

1.  This affidavit is made in support of an application for a warrant to search a United States Postal Service ("USPS") parcel bearing label number 9405 5118 9956 0936 5855 89 (the "**SUBJECT PARCEL**").  The **SUBJECT PARCEL** is currently in the custody of the United States Postal Inspection Service ("USPIS") in City of Industry, California, as described more fully in Attachment A, which is incorporated by reference.

2.  The requested search warrant seeks authorization to seize evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute a controlled substance) and 843(b) (unlawful use of a communication facility, including the mails, to facilitate the distribution of a controlled substance), as described more fully in Attachment B, which is also incorporated by reference herein.

3.  The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all

conversations and statements described in this affidavit are related in substance and in part only.

## II. AFFIANT'S BACKGROUND

4. I am a United States Postal Inspector ("USPI") with the USPIS and have been so employed since August 2015. I completed a twelve-week basic training course in Potomac, Maryland, which included training in the investigation of drug trafficking via the United States Mail. I am currently assigned to the USPIS Los Angeles Division, Contraband Interdiction and Investigations team. I previously spent three years assigned to the Parcel Task Force, which was comprised of Postal Inspectors and narcotics officers and detectives from the Gang and Narcotics Division of the Los Angeles Police Department ("LAPD"). The Parcel Task Force was responsible for investigating drugs trafficked in parcels, including via the United States mails. I also spent one year as a Task Force Agent with Enforcement Group 2 in the Los Angeles Field Division of the Drug Enforcement Administration ("DEA"). I completed a forty-hour specialized USPIS narcotics-training course and a forty-hour LAPD narcotics-school-training course. I have instructed at the LAPD narcotics school on multiple occasions.

5. Before becoming a USPI, I was retained by the United States Office of Personnel Management for seven and a half years as a Special Investigator conducting civil service and national security investigations.

2

### III. SUMMARY OF PROBABLE CAUSE

6. On March 6 and 7, 2025, a detective form the Los Angeles County Sheriff's Department ("LASD") contacted me regarding a drug investigation. Through an intercepted wire communication, the LASD detective had heard a conversation between the wire target and a drug customer about ordering drugs. The wire target sent the customer a photograph of the **SUBJECT PARCEL**'s mailing label, which included the tracking number and recipient address.

7. On March 7, 2025, I had the **SUBJECT PARCEL** re-directed to USPIS in City of Industry, California.

8. On March 10, 2025, I took custody of the **SUBJECT PARCEL** and I noticed all of the seams on the **SUBJECT PARCEL** were taped shut, which based on my training and experience is common for parcels that contain contraband.

9. Additionally, on March 10, 2025, a trained drug detection dog alerted to the **SUBJECT PARCEL** for the presence of drugs or other times, such as drug proceeds which have been recently contaminated by drugs.

### IV. STATEMENT OF PROBABLE CAUSE

**A. Background on Use of Mails For Drug Trafficking**

10. Based on my training and experience as a Postal Inspector, and the experiences related to me by other Postal Inspectors who specialize in drug investigations, I know the following:

    a. Postal Inspectors have been conducting investigations of drug trafficking via USPS Express Mail and

3

Priority Mail since the mid-1980s. In the early 1990s, Postal Inspectors in Los Angeles, California, began conducting organized interdictions of Priority Mail Express and Priority Mail parcels suspected of containing controlled substances and proceeds from the sale of controlled substances. Postal Inspectors also regularly examined and investigated Priority Mail Express and Priority Mail parcels. During the 1990s, Postal Inspectors observed that the trend was for drug traffickers to send controlled substances and proceeds from the sale of controlled substances, in the form of cash, using boxes.

       b.    Although Postal Inspectors still see boxes used to send for controlled substances and cash, there has been a gradual change over the years toward the current trend of using smaller boxes, flat cardboard envelopes, and Tyvek envelopes, with proceeds from the sale of controlled substances converted to money orders. By using money orders, drug traffickers are able to send large dollar amounts in compact form, using much smaller conveyances, which lend a sense of legitimacy to the parcel's appearance.

       c.    Los Angeles is a major source area for controlled substances. Controlled substances are frequently transported from the Los Angeles area via US Mail, and the proceeds from the sale of controlled substances are frequently returned to the Los Angeles area via US Mail. These proceeds are generally in the form of money orders, bank checks, or similar monetary instruments in an amount over $1,000. Based on my training and experience, I know that proceeds from the sale of controlled

4

substances often contain the odor of drugs because they have been contaminated by or associated with the odor of one or more drugs.

        d.    Drug distributors often use USPS Priority Mail Express, which is the USPS overnight/next day delivery mail product, or Priority Mail Service, which is the USPS two-to-three-day delivery mail product. Drug distributors use the Priority Mail Express delivery service because of its speed, reliability, and the ability to track the parcel's progress to delivery. Drug distributors use the Priority Mail delivery service because it provides them more time for travel between states if they decide to follow their shipments to their destination for distribution. Also, by adding delivery confirmation to a Priority Mail parcel, drug traffickers can track the parcel's progress to the intended delivery point, as if the parcel had been mailed using the Priority Mail Service.

    11.    The following indicia suggest that a parcel may contain drugs or drug distribution proceeds:

        a.    The parcel is contained in a box, flat cardboard mailer, or Tyvek envelope;

        b.    The parcel bears a typed label, whether USPS Express Mail or Priority Mail;

        c.    The handwritten label on the parcel does not contain a business account number;

        d.    The seams of the parcel are all taped or glued shut;

    e. The parcel emits an odor of a cleaning agent or adhesive or spray foam that can be detected by a human; and

    f. Multiple parcels are mailed by the same individual, on the same day, from different locations.

  12. Parcels exhibiting such indicia may be subject to further investigation, which may include verification of the addressee and return addresses.

  13. I know from my training and experience that drug traffickers often use fictitious or incomplete names and addresses in an effort to conceal their identities from law enforcement officers investigating these types of cases. To the extent that real addresses are ever used, it is only to lend a legitimate appearance to the parcel and is almost always paired with a false name.

**B. Initial Investigation of the SUBJECT PARCEL**

  14. On March 6 and 7, 2025, LASD Detective Giovanni Rico contacted me regarding a drug related investigation.

  15. Detective Rico told me that on February 27, 2025, law enforcement intercepted multiple phone conversations between a wire target and a drug customer. The calls confirmed the customer was ordering an unknown quantity of drugs and wanted the wire target to ship the drugs to the customer. On March 5, 2025, the wire target sent the drug customer a photograph of the **SUBJECT PARCEL**'s label, which reflected the **SUBJECT PARCEL**'s tracking number and recipient address.

  16. On March 7, 2025, I contacted the Huber Heights Post Office in Dayton, Ohio, which was the Post Office responsible

6

for delivering the **SUBJECT PARCEL** to the recipient address. I provided the Huber Heights Post Office with the USPIS address in City of Industry and asked that the **SUBJECT PARCEL** be mailed there.

17. On March 10, 2025, I received the **SUBJECT PARCEL** at the USPIS Office in City of Industry, California, and noticed that all of the **SUBJECT PARCEL**'s seams were taped shut, which based on my training and experience is one of the indicia that a parcel may contain drugs or drug distribution proceeds.

18. On March 10, 2025, I used the Thomson Reuters CLEAR[1] database to research the sender's information ("Postal Bee Postal Bee 10907 Magnolia Blvd NORTH HOLLYWOOD CA 91601") and recipient's name and address ("DIANA SCHOOLER 8950 Cadiz Ct DAYTON OH 45424") listed for the **SUBJECT PARCEL**. According to CLEAR database records, the sender address listed on the **SUBJECT PARCEL** was associated with the sender ("Postal Bee"), but the recipient's address was not associated with the recipient, DIANA SCHOOLER.

19. Through an online search, I learned that Postal Bee holds itself out as a Commercial Mail Receiving Agency ("CMRA") where customers have the option to sign up for a Private Mail Box ("PMB"), similar to a Post Office Box ("P.O. Box") at a Post Office. PMB's are assigned a number and allow customers to use the Postal Bee address, along with their specific PMB number, as a mailing address. The **SUBJECT PARCEL**'s recipient information

---

[1] CLEAR is a public information database used by law enforcement that provides names, addresses, telephone numbers, and other identifying information.

7

did not list a customer name at the Postal Bee and the **SUBJECT PARCEL** was not addressed to a specific PMB number at the Postal Bee business. Based on my training and experience of investigating and seizing parcels that contain drugs and drug proceeds, I know drug traffickers often use incomplete mailing (or sender) address details, to elude law enforcement if their parcel containing contraband is seized.

**C.  Drug Detection Dog Alerts to the SUBJECT PARCEL**

20. On March 10, 2025, based on the suspicious characteristics of the **SUBJECT PARCEL**, USPIS Task Force Officer ("TFO") Adam Girgle and his certified drug-detection dog, "Kash," examined the exterior of the **SUBJECT PARCEL**. I learned from TFO Girgle that Kash gave a positive alert to **SUBJECT PARCEL**, indicating the presence of drugs or other items such as drug proceeds, which have been recently contaminated by or associated with the odor of drugs. Attached hereto as Exhibit 1, which I incorporate fully herein by reference, are documents setting forth information provided by TFO Girgle regarding Kash's training and history in detecting controlled substances, and the examination of **SUBJECT PARCEL**.

### V.  CONCLUSION

21. For the reasons above, there is probable cause to believe that the **SUBJECT PARCEL**, as described in Attachment A, contain evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1) (distribution and possession with intent to distribute a controlled substance) and 843(b) (unlawful use of a communication facility, including the mails, to facilitate

the distribution of a controlled substance), as described in

Attachment B.


Attested to by the applicant in
accordance with the requirements of
Fed. R. Crim. P. 4.1 by telephone on
this 19th day of March, 2025.


_____
THE HONORABLE STEPHANIE CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE

# Exhibit 1

## **AFFIDAVIT**

I, Officer Adam Girgle, being duly sworn, declare and state as follows:

I have been a Police Officer with the El Monte Police Department since December of 2003. I have handled and/or assisted with hundreds of narcotics investigations. I have assisted Federal and State narcotics task forces with large scale narcotics investigations. I graduated from the Los Angeles County Sheriff's Department Academy in May of 2001. I attended the Adlerhorst Police Canine Handler course in August of 2016.

I also attended the Gold Coast Canine Narcotics Detection course in February of 2024. During these courses, my police canine partner Kash and I received 240 hours of instruction in the detection of the odor of illegal narcotics. During these courses, I personally observed my police canine partner Kash alert to the presence of the odor of illegal narcotics. My police canine partner Kash was certified to alert to the presence of marijuana, methamphetamine, cocaine, heroin and fentanyl. My police canine partner and I receive yearly certification from the Los Angeles County Police Canine Association in narcotics detection. My police canine partner and I last certified in February 2025.

I am familiar and knowledgeable in the behaviors my police canine partner Kash engages in when he detects the presence of the odor of illegal narcotics. I conduct continual training with my police canine partner Kash by hiding various narcotics in different locations such as buildings, vehicles, bags, parcels and in open areas. This training includes proofing canine Kash on odors such as plastic, boxes, latex, tape, metal, currency (circulated and uncirculated), parcel packaging material, glass pipes and food. I also proof canine Kash of my human odor. This training is on-going and continual.

On March 10, 2025, my police canine partner and I assisted with a narcotic parcel investigation. Canine Kash alerted to the presence of the odor of illegal narcotics emitting from the following parcels.

USPS Parcel: 9405 5118 9956 0936 5855 89 (Parcel 1)

Addressed To:  Diana Schooler

       8950 Cadiz Ct

       Dayton, OH 45424

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at City of Industry, California, on March 10, 2025.

